**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NORTHERN FOOD I/E, INC., <br><br> Plaintiff, <br><br> v. <br><br> APOLLO FOOD INTERNATIONAL INC., APOLLO FOOD IMPORT INC., HAI PING CHEN, "JOHN DOES" 1-3, <br><br> Defendants. | Case No. 1:19-cv-574 <br><br> COMPLAINT <br><br> Jury Trial Demanded |

Plaintiff Northern Food I/E Inc. ("Northern Food") through its attorneys complaining of Apollo Food International Inc. ("Apollo International"), Apollo Food Import Inc. (the "Apollo Import"); Hai Ping Chen; "John Does" 1-3 (hereinafter collectively referred to as "Defendants") hereby alleges as follows:

## STATEMENT OF THE CASE

1. Plaintiff Northern Food is in the food production, importation and wholesale business. It sells hot pot sauces, noodles, condiments, frozen food, bean products and pickles across America. Over the years, Northern Food has developed considerable goodwill and reputations for its high quality products. One of the featured products distributed by Northern Food is the hot pot sauces distributed under the trademark of Hi Hai Di Lao.

2. Plaintiff Northern Food is the exclusive distributor authorized by Sichuan Haidilao Catering Company Limited ("Sichuan Haidilao") for the products bearing the trademark of Hi Hai Di Lao in the United States East Coast. Sichuan Haidilao is the owner of numerous federally registered and common law trademarks, including but not limited to the Hi Hai Di Lao trademark (U.S. Trademark Registration No. 5,387,320) (hereinafter the "Hi Hai Di

1

Lao Mark"). Sichuan Haidilao has also authorized Plaintiff to enforce its trademark rights of Hi Hai Di Lao Mark within the United States.

3. This action arises from Defendants' illegal importation and distribution of products bearing the federally registered Hi Hai Di Lao Mark. Even after Plaintiff requested Defendants to cease and desist, Defendants continue to infringe Plaintiff's trademark rights of the Hi Hai Di Lao Mark.

4. Defendants' actions constitute deliberate, willful, and unlawful trademark infringement under 15 U.S.C. § 1114 and unfair competition, false designation of origin & false description under 15 U.S.C. § 1125(a), and constitute trademark infringement, unfair competition, tortious interference with contract and economic advantage under New York State common law. Therefore, Plaintiff seeks injunctive relief to restrain Defendants from using the Hi Hai Di Lao Mark and representing in any manner that any of Defendants' goods are affiliated, connected, sponsored, approved or otherwise associated with the Hi Hai Di Lao Mark; the impoundment and destruction of all such products in Defendants' possession, custody, or control; Plaintiff's actual damages and lost profits or statutory damages allowed by the trademark law; trebled damages; Plaintiff's costs; Plaintiff's attorney fees; and such other and further relief this Court may award.

## PARTIES

5. Plaintiff Northern Food is a corporation duly organized and existing under the laws of the State of New York, and having its principal place business located at 117 State Street, Westbury, New York, 11590.

6. Upon information and belief, defendant Apollo Food International Inc. ("Apollo International") is a corporation duly organized and existing under the laws of the State of New

York and having its principal place of business located at 6934 53Rd Ave, Maspeth, New York, 11378.

7. Upon information and belief, defendant Apollo Food Import Inc. ("Apollo Import") is a corporation duly organized and existing under the laws of the State of New York and having its principal place of business located at 92 Apollo Street, Brooklyn, New York 11222.

8. Upon information and belief, defendant Hai Ping Chen ("Chen") is an individual residing at 254 Saint Nicholas Avenue, Brooklyn, NY 11237 and is one of the owners and corporate officers of Apollo International and Apollo Import and therefore has the right and ability to control the actions of the corporate defendants.

9. The identities of "John Does" 1-3 are not currently known to the Plaintiff. Upon information and belief, they are associated with Defendants and have contributed to Defendants' unlawful activities. Plaintiff will use its best efforts to identify these "John Does", and upon further knowledge and investigation, Plaintiff will amend its pleadings accordingly.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the federal trademark claims asserted in this action under 15 U.S.C. § 1121, and 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

11. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 for substantial and related claims brought under the statutory and common law of the State of New York.

12. Defendants are subject to the Court's jurisdiction because they have committed the acts complained of herein in this District and do business in this District and the individual defendant Chen also resides in this District.

13. Defendants are subject to the jurisdiction of this Court pursuant to and in accordance with Rule 4 of the Federal Rules of Civil Procedure.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

**A.     Plaintiff's Trademark Rights of "Hi Hai Di Lao"**

15. Plaintiff Northern Food is in the food production, importation and wholesale business. It sells hot pot sauces, noodles, condiments, frozen food, bean products and pickles across America. Over the years, Northern Food has developed considerable goodwill and reputations for its high quality products.

16. One of Northern Food's featured products is the hot pot sauces distributed under the trademark of Hi Hai Di Lao.

17. U.S. Trademark Registration No. 5,387,320 is for the stylized mark Hi Hai Di Lao, as illustrate below:



and covers the goods, including but not limited to, "condiment," "sauces," and "seasonings."

18. The Hi Hai Di Lao Mark is owned by Sichuan Haidilao Catering Company Limited ("Sichuan Haidilao"), Sichuan Haidilao is a Chinese corporation with a principle place of business located at 115 West Street, Jiancheng Town, Jianyang City, Sichuan, China 641400.

19. Plaintiff Northern Food is the exclusive licensee of Sichuan Haidilao to distribute hot pot sauces under the Hi Hai Di Lao Mark in the East Coast of the United States.

20. Sichuan Haidilao is incapable of enforcing its trademark rights to the Hi Hai Di Lao Mark in the United States and has appointed Northern Food as its legal representative. Sichuan Haidilao is incapable of enforcing its rights to the Hi Hai Di Lao Mark in the United States because Sichuan Haidilao is located in China, does not have a domestic representative in the United States for the Hi Hai Di Lao Mark, and none of the officers of Sichuan Haidilao speak English.

21. Since as early as July 1, 2017, the Hi Hai Di Lao Trademark has been used as a trademark in U.S. commerce in connection with hot pot sauces. Since as early as January 1, 2018, Northern Food has used Hi Hai Di Lao as a trademark in U.S. commerce under an exclusive distribution and authorization agreement with the mark owner and its affiliated company.

22. A printout from the United States Patent and Trademark Office's (USPTO) Trademark Status & Document Retrieval ("TSDR") Database showing the current status of the Hi Hai Di Lao Trademark Registration is annexed hereto as **Exhibit A**.

23. Northern Food, as exclusive licensee, has used, advertised, promoted, distributed and sold hot pot sauces in connection with the Hi Hai Di Lao Mark in interstate commerce in the United States.

24. Northern Food enjoys significant annual sales of hot pot sauces advertised, distributed and sold in connection with the Hi Hai Di Lao Mark.

25. Northern Food spends a substantial amount of money to advertise and promotes the products in connection with the Hi Hai Di Lao Mark.

**B.    Defendants' Misconduct**

26. Upon information and belief, Defendants are importing, distributing hot pot sauces within this judicial district using the exact or closely similar mark (the "Accused Mark") to the Hi Hai Di Lao Mark.

5

27. Images of Defendants' infringing products bearing the Accused Mark are attached hereto as **Exhibit B** ("Infringing Products").

28. Defendants have no association with Northern Food or Sichuan Haidilao and have never been authorized by Northern Food or Sichuan Haidilao to use or exploit the Hi Hai Di Lao Mark for any purpose.

29. Defendants' use of the Hi Hai Di Lao Mark in connection with the hot pot sauces related products is likely to cause confusion or mistake or to deceive the consuming public into believing that Defendants are affiliated, connected, sponsored, approved, or otherwise associated with Northern Food or Sichuan Haidilao.

30. Defendants are importing and distributing products bearing the Accused Mark that contain meat ingredients, which are intended only for sale in Chinese domestic market, and which are strictly prohibited by the U.S. customs and United States Department of Agriculture. Upon information and belief, Defendants intentionally broke the relative laws and regulations to gain a profit.

31. Northern Food advised Defendants in letters dated December 17, 2018 that Defendants' use of the Hi Hai Di Lao Mark infringed Northern Food's rights and demanded that Defendants cease and desist using the Hi Hai Di Lao Mark.

32. Defendants refused to cease using the Hi Hai Di Lao Mark and have continued to use the Hi Hai Di Lao Mark in violation of Northern Food and Sichuan Haidilao's trademark rights.

33. Upon information and belief, Defendants are using the Accused Mark in an attempt to trade on the enormous goodwill associated with the Hi Hai Di Lao Mark.

34. Upon information and belief, Defendants have used and are using the Accused Mark to identify and attract attention to Defendants' goods and business and to interfere with and disrupt the business and operations of Northern Food and Sichuan Haidilao in United States commerce.

35. Northern Food has suffered irreparable injury as a direct and proximate result of Defendants' wrongful importation and distribution of the bean curd products bearing infringing marks.

36. Northern Food has no adequate remedy at law.

37. Defendants' unlawful acts will undoubtedly persist without judicial intervention. As such, Defendants must be restrained and enjoined from further violating Northern Food and Sichuan Haidilao's well-established rights in and to the Hi Hai Di Lao Mark.

38. Upon information and belief, defendant Hai Ping Chen personally authorized or directed all infringing activity of Defendants Apollo Import and Apollo International.

39. Upon information and belief, certain unidentified owners/officers of Defendants Apollo Import and Apollo International also authorized or directed the infringing activities.

## COUNT ONE

### (Trademark Infringement, 15 U.S.C. § 1114)

40. Northern Food hereby realleges and incorporates by reference all prior allegations as though fully set forth herein.

41. Defendants have knowingly, intentionally, and without the consent of Northern Food or Sichuan Haidilao used in commerce the federally-registered Hi Hai Di Lao Mark in connection with the importation, sale, offering for sale, distribution, or advertising of the Infringing Products. Such use is likely to: cause confusion or mistake or deceive consumers;

7

cause consumers to believe Defendants' Infringing Products are affiliated with, sponsored by, authorized or approved by, or is otherwise associated with Northern Food or Sichuan Haidilao, despite the fact that they are not.

42. Defendants' use of the Accused Mark was willful and done with the knowledge that the marks are infringing, and as such, Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

43. Defendants' acts constitute use in commerce of the Accused Mark.

44. For the aforementioned reasons, Northern Food is entitled to: (a) damages for all of Defendants' profits derived from their unlawful conduct and/or Northern Food's lost profits from sales of genuine goods due to Defendants' conduct to the full extent provided under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a); and (b) reasonable attorneys' fees and pre-judgment interest according to 15 U.S.C. § 1117(b).

45. Northern Food has no adequate remedy at law for Defendants' ongoing wrongful conduct. Northern Food has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## COUNT TWO

### (Unfair Competition, False Designation of Origin & False Description, 15 U.S.C. § 1125(a))

46. Northern Food hereby realleges and incorporates by reference all prior allegations as though fully set forth herein.

47. Defendants' importation, sale, offering for sale, distribution, or advertising of goods bearing the Accused Mark constitutes use in commerce of false designations of origin and false and misleading descriptions and representations that Defendants' Infringing Products are affiliated with, sponsored by, authorized or approved by, or is otherwise associated with

Northern Food or Sichuan Haidilao despite the fact that they are not. As a result of Defendants' use of the Accused Mark, the public is likely to be misled and confused as to the source, sponsorship, or affiliation of Defendants' Infringing Products.

48. Defendants' importation, sale, offering for sale, distribution, or advertising of goods bearing the Accused Mark constitutes unfair competition as it is intended to cause confusion and deceive consumers and trades upon the established reputation and goodwill of Northern Food.

49. Defendants' conduct is willful, intended to reap the benefit of Northern Food's established goodwill, and violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), all to the severe detriment of Northern Food.

## COUNT THREE

### Common Law Trademark Infringement

50. Northern Food hereby realleges and incorporates by reference all prior allegations as though fully set forth herein.

51. Defendants' activities, as alleged above, constitute trademark infringement in violation of the common law of the state of New York and such infringement is willful and deliberate.

## COUNT FOUR

### Common Law Unfair Competition

52. Northern Food hereby realleges and incorporates by reference all prior allegations as though fully set forth herein.

53. Defendants' activities, as alleged above, constitute unfair competition in violation of the common law of New York.

## COUNT FIVE

### Common Law Tortious Interference with Contract and Economic Advantage

54. Northern Food hereby realleges and incorporates by reference all prior allegations as though fully set forth herein.

55. Northern Food has established and maintained advantageous economic relationship and/or contracts with customers and/or distributors in its exclusive distribution territory to whom Defendants are now distributing the Infringing Products.

56. Defendants knew of the economic relationship and/or contracts that existed between Northern Food and its customers and distributors.

57. Defendants are intentionally interfering with the economic and contractual relationships between Northern Food and its current and prospective customers and distributors

58. As a direct result of the intentional and wrongful interference by Defendants, Northern Food has lost customers/distributors and suffered damages in an amount to be determined by the trial jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Northern Food respectfully requests that the Court order the following relief:

A. Enjoining Defendants, jointly and severally, and each of their officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors and assigns and all persons acting on behalf or at the direction of, or in concert or participation with, each of them, and any entity owned or controlled in whole or in part by any of the Defendants from:

  i. Using the Accused Mark or any mark that is confusingly similar to the Hi Hai Di Lao Mark in connection with the importation, promotion,

        advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product or the provision of any goods or services;

   ii.   Applying to register or registering in the United States Patent and Trademark Office, or in any state trademark registry, any mark consisting in whole or in part of the Hi Hai Di Lao Mark, or consisting in whole or in part of any simulation, reproduction, copy, colorable imitation or confusingly similar variation of the Hi Hai Di Lao Mark or otherwise taking any other action designed to give Defendants any claim of rights in or to the Hi Hai Di Lao Mark or any similar mark;

   iii.   Representing in any manner that any of Defendants' goods are affiliated, connected, sponsored, approved or otherwise associated with Plaintiff, or vice versa;

   iv.   Taking any other action likely to cause confusion, mistake or deception as to the source or origin of Defendants' goods or of Plaintiff's goods;

   v.   Taking any other action constituting trademark infringement or unfair competition with Plaintiff; and

   vi.   Instructing, assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph (i) through (v) above.

B.   Requiring Defendants to deliver to Northern Food for destruction all unauthorized materials bearing any of the Accused Mark in association with the Infringing Products and the means for production of same pursuant to 15 U.S.C. § 1118.

C.    Requiring Defendants to pay to Northern Food such damages for all of Defendants' profits derived from their unlawful conduct and/or Northern Food's lost profits from sales of genuine goods due to Defendants' conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. § 1117(a)-(b), or alternatively, statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act.

D.    Ordering that Defendants compensate Northern Food for the costs of this action, reasonable attorneys' fees, investigative fees and pre-judgment interest according to 15 U.S.C. § 1117(b).

E.    Directing that this Court retain jurisdiction of this action for the purpose of enabling Northern Food to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

F.    Ordering that pursuant to 11 U.S.C. § 523(a)(6), Defendants be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful and fraudulent injury to Northern Food.

G.    Awarding to Northern Food such other and further relief as the Court may deem just and proper, together with the costs and disbursements that Northern Food has incurred in connection with this action.

Dated: Queens, New York
       January 29, 2019

                                        KEVIN KERVENG TUNG, P.C.
                                        Attorneys for Plaintiff

                                        _____

By: Kevin K. Tung, Esq.
Queens Crossing Business Center
136-20 38th Avenue, Suite 3D
Flushing, NY 11354
(718) 939-4633