UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

NORTHERN FOOD I/E, INC.,

                Plaintiff,

v.

APOLLO FOOD INTERNATIONAL INC., APOLLO
FOOD IMPORT INC., HAI PING CHEN, and JOHN
DOES 1–3,

                Defendants.

**MEMORANDUM & ORDER**
19-CV-574 (MKB) (RLM)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Northern Food I/E, Inc., commenced the above-captioned action on January 30, 2019, against Defendants Apollo Food International Inc. ("Apollo International"), Apollo Food Import Inc. ("Apollo Import"), Hai Ping Chen, and John Does 1 through 3, asserting claims for trademark infringement pursuant to 15 U.S.C. § 1114, false designation of origin and false description pursuant to 15 U.S.C. § 1125(a), and state law claims of unfair competition and tortious interference with contract. (Compl., Docket Entry No. 1.) Plaintiff alleges that Defendants infringed its trademark rights by illegally importing and distributing products bearing the Hi Hai Di Lao Mark (the "trademark") within the United States. (*Id*. ¶¶ 2–3.) Apollo Import has failed to appear, answer, or otherwise respond to the Complaint. On April 4, 2019, the Clerk of Court noted Apollo Import's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, and, on April 19, 2019, Plaintiff filed a motion for default judgment against Apollo Import. (Clerk's Entry of Default, Docket Entry No. 12; Pl. Mot. for Default J. ("Pl. Mot."), Docket Entry No. 13; Pl. Mem. of Law in Supp. of Pl. Mot. ("Pl. Mem."), Docket Entry No. 13-

1.) By Order dated April 22, 2019, the Court referred Plaintiff's motion to Chief Magistrate Judge Roanne L. Mann for a report and recommendation. (Order dated Apr. 22, 2019.)

Currently before the Court is a report and recommendation from Judge Mann (the "R&R"), recommending that the Court deny Plaintiff's motion for default judgment without prejudice and subject to renewal after a determination of liability and damages with respect to Apollo International and Chen. (R&R, Docket Entry No. 15.)

I. **Factual background**

Plaintiff is in the "food production, importation and wholesale business" and distributes "hot pot sauces . . . under" the trademark. (Compl. ¶ 1.) Sichuan Haidilao Catering Company Limited ("Sichuan Haidilao") is the owner of the trademark registered with the United States Patent and Trademark Office under U.S. Trademark Registration No. 5387320. (*Id*. ¶ 2.) Plaintiff is the "exclusive distributor . . . for the products bearing [the trademark] in the United States East Coast" and Sichuan Haidilao has "authorized Plaintiff to enforce . . . [the trademark] within the United States." (*Id*.)

Plaintiff alleges that Defendants are "importing [and] distributing hot pot sauces within this judicial district using the exact or closely similar mark" to the trademark.[1] (*Id*. ¶¶ 26, 30–34, 41, 47–48, 51, 53, 56–57.)

II. **Report and recommendation**

By R&R dated July 19, 2019, Judge Mann recommended that the Court deny Plaintiff's motion for default judgment against Apollo Import because Apollo International and Chen are

---

[1] Plaintiff does not specify the conduct of each individual Defendant.

currently challenging the sufficiency of Plaintiff's Complaint,[2] "thereby rais[ing] questions as to whether the [C]omplaint states a claim against" Apollo Import. (R&R 4.) Judge Mann explained that "granting default judgment against [Apollo] Import now and entering an award of damages would pose a risk of inconsistent awards." (*Id.*)

No party has objected to the R&R.

## III. Review of report and recommendation

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to

---

[2] On April 26, 2014, Apollo International and Chen filed a letter requesting a pre-motion conference for leave to file a motion to dismiss. (Apollo International and Chen Mot. for Pre-Motion Conference, Docket Entry No. 14.) Apollo International and Chen argue that Plaintiff's Complaint fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff (1) "fails to attach to the [C]omplaint a valid power of attorney, a license agreement or an assignment agreement" showing that it is authorized to enforce Sichuan Haidilao's trademark rights and (2) fails to provide non-conclusory allegations sufficient to state a claim for relief. (*Id.*)

3

file timely objections designating the particular issue." (citations omitted)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court denies Plaintiff's motion for default judgment against Apollo Import without prejudice.

Dated: August 12, 2019
      Brooklyn, New York

                                SO ORDERED:

                                  _____s/ MKB_____
                                  MARGO K. BRODIE
                                  United States District Judge